**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANTONIO BING,

        Petitioner,

vs.	Case No.	3:12-cv-446-TJC-MCR
			3:08-cr-281-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.

## ORDER

This case is before the Court on Petitioner Antonio Bing's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1).[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I. Background**

On August 13, 2008, petitioner was charged in a single count indictment with possession of a firearm by a convicted felon. (Crim. Doc. 1). After initially pleading not guilty and challenging the government's evidence in a motion to suppress which was denied by this Court, petitioner chose to plead guilty without a written plea agreement. During his change of plea hearing, Bing engaged in the following colloquy with the Court:

> THE COURT: Now, you may have defenses to your respective charge or charges. But if you plead guilty, you waive and give up your right to assert these defenses.

---

[1] Citations to petitioner's criminal case file, <u>United States of America v. Antonio Bing</u>, 3:08-cr-281-J-32MCR, are denoted as "Crim. Doc. ___." Citations to petitioner's civil § 2255 case file, 3:12-cv-446-TJC-MCR, are denoted as "Doc. ___."

> Also, by pleading guilty you also waive and give up your right to challenge the way the government may have obtained any evidence, statement or confession in your respective cases.
>
> In addition, by pleading guilty you may lose the right to challenge on appeal any rulings which the court has made in your case. You understand, Mr. Bing?
>
> DEFENDANT BING: Yes, sir.

(Crim. Doc. 66 at 9). Prior to sentencing, petitioner filed a motion to withdraw his guilty plea, alleging that his attorney incorrectly advised him regarding the effect of a guilty plea on his appellate rights. This Court denied the motion following an evidentiary hearing at which petitioner and his attorney testified. Petitioner was ultimately sentenced to 77 months' imprisonment (Crim. Doc. 79) and he appealed. The Eleventh Circuit determined the denial of the motion was not an abuse of discretion and affirmed. (Crim. Doc. 96). Petitioner's conviction became final when the Supreme Court denied certiorari on November 15, 2010. (Crim. Doc. 97). Petitioner filed this motion on April 12, 2012.

## II. Discussion

In his § 2255 motion, petitioner raises three grounds that he contends entitle him to habeas relief: ineffective assistance of counsel based on various alleged deficiencies by petitioner's trial counsel, newly discovered evidence, and prosecutorial misconduct. The Court need not reach the merits, however, because the motion is untimely and due to be dismissed.

Section 2255 motions are governed by a one year limitations period under 28 U.S.C. § 2255(f). Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). A § 2255 motion is timely if filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  Petitioner filed a petition for a writ of certiorari with the United States Supreme Court that was denied on November 15, 2010.  Accordingly, petitioner had one year from that date, or prior to November 15, 2011, to file his section 2255 motion. Bing filed the instant motion on April 12, 2012, well outside of the one year AEDPA limitations period.

Petitioner Bing contends that the motion is timely pursuant to 28 U.S.C. § 2255(f)(4) because it was filed within one year of uncovering "newly discovered evidence." (Doc. 1 at 13). The newly-discovered information upon which petitioner bases his claim is the conviction for falsifying official records of one of the law enforcement officers involved in the traffic stop giving rise to his federal firearms conviction. This information is not a new factual predicate for a claim and, even if it were, Sergeant Garza's conviction in an unrelated case subsequent to petitioner's guilty plea does not render his untimely § 2255 motion timely. Moreover, nearly identical claims to those raised by Petitioner Bing have been considered and rejected by other courts.

In United States v. Douglas, 2013 WL 3157779 (N.D.Okla. June 20, 2013), the petitioner filed a § 2255 motion arguing that he was entitled to relief because one of the officers involved in his arrest had subsequently been convicted of various charges, including

perjury, conspiracy to commit and suborn perjury, witness tampering, and conspiracy to deprive individuals of their civil rights. In that case, Douglas was arrested on November 22, 2004 for weapons and drug offenses. Id. at *1. Following the court's denial of a motion to suppress, on which the Court held an evidentiary hearing at which three agents and officers testified, including the one who was later convicted, Douglas pleaded guilty to all charges. Id. at *2. The Tenth Circuit affirmed the district court's denial of the motion to suppress and petitioner's motion to withdraw his guilty plea, which he alleged was coerced by the stressful conditions of pretrial confinement. Id.  To be timely, Petitioner Douglas's § 2255 Motion should have been filed by March 19, 2008. Id. at *3.

Petitioner Douglas filed his § 2255 Motion on June 20, 2011, based on the alleged newly discovered fact of the officer's conviction. He contended that the officer falsified police reports and committed perjury at the suppression hearing when he testified about money found on Douglas at the time of his arrest but which was never documented; that petitioner told his trial attorney about the alleged acts and falsifications but his attorney failed to investigate them; and that the government knowingly permitted the officer to commit perjury. Id. at *2. The district court ultimately concluded that the petition was untimely and not actually founded on a "new" factual basis. Id. at *3. The court noted that "Defendant claims that the statute of limitations began on August 27, 2010, the publication date of a newspaper article reporting that [the officer] was indicted for various crimes, because this is the date he discovered the factual bases for his claims." Id. Rejecting Douglas's contention, the court explained:

> [U]pon close review of Defendant's pleadings, it becomes clear that Defendant was aware of the factual bases for these claims prior to August 27,

4

>   2010. Specifically, Defendant knew of the alleged facts that: (1) [the officer] found $3,200 on Defendant's person but failed to report it and lied about it during the suppression hearing; (2) [the officer] tampered with the cocaine base and lied about where it was found; (3) [his attorney] failed to conduct further investigation of these alleged falsifications after Defendant raised them; and (4) the United States knowingly permitted [the officer] to commit perjury during the suppression hearing. <u>These are the underlying facts supporting Defendant's motion, and Defendant's own admissions reveal that he was aware of the facts at least by the time he pled guilty</u>. Defendant argues that he told [his attorney] that [the officer] committed these illegal acts but that [his attorney] refused to investigate them or inform the Court. Thus, Defendant did not first discover these facts from the charging documents against [the officer] in other cases or from the August 2010 newspaper article. Nor is Defendant arguing that the discovery of [the officer's] illegal conduct in other cases caused him to realize that constitutional errors occurred in his own case. Therefore, the statute began to run for these claims when Defendant's conviction became final.

Id. at *3 (emphasis added); see also McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007) ("Clearly, [the petitioner] has confused the facts that make up his claims with evidence that might support his claims."); Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012) ("[I]f new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)."); accord Jefferson v. United States, 730 F.3d 537, 547 (6th Cir. 2013) (in the context of § 2255, acknowledging the distinction between newly discovered information that merely strengthens a claim and information that forms the factual predicate for a claim)[2]; cf. English v. United States, 998

---

[2] In Jefferson, the Sixth Circuit observed the following:

>   AEDPA's competing requirements - the requirement to plead at least some facts and the requirement of filing within one year of discovering 'vital facts' - [can]... create a trap that renders litigation of a successful § 2255 claim effectively impossible. "Without a clear standard [as to when suspicion and hints ripen into a factual predicate], it is likely that when a prisoner spends a tremendous amount of time

F.2d 609, 612 (8th Cir. 1993)("Had Officer Sorenson been the only witness to this incident, his subsequent guilty plea for misrepresenting drug quantities to a court might cast sufficient doubt upon the veracity of his testimony to warrant a new trial, or at least a new sentencing hearing. However, Officer Sorenson's testimony was cumulative with the testimony of other officers. Therefore, the evidence of his subsequent guilty plea is mere impeaching evidence and cannot be grounds for a new trial.").

For the same reasons that the Douglas court determined there was no newly discovered factual basis for a claim to extend the AEDPA limitations period, neither is there a newly discovered factual basis for Petitioner's claims here. Sergeant Garza's arrest and conviction in an unrelated case for falsifying official records is merely evidence for Petitioner's claim that Sergeant Garza gave perjured testimony at his suppression hearing,

---

establishing the validity of the facts, a court may find that the initial piece of uncorroborated information would be deemed a 'factual predicate' to start the statute-of-limitations period; if, however, a prisoner instead chooses to submit an application with the same piece of 'raw' information, it may fail the fact-pleading requirement."

Jefferson, 730 F.3d at 547-48 (quoting Limin Zheng, Actual Innocence as a Gateway through the Statute-of-Limitations Bar on the Filing of Federal Habeas Corpus Petitions, 90 Cal. L. Rev. 2101, 2135 (2002)).

The Court is aware of the tension between the requirement that a habeas petitioner plead his claims with specificity and factual support and that under § 2255(f)(4) he must plead his claim within a year of discovering just the "vital facts" that form the basis of his claim - even though the "vital facts" may be insufficient by themselves to satisfy the fact-pleading requirement. However, this case is not one where that tension creates a problem. Sergeant Garza's conviction, in an entirely unrelated case subsequent to Petitioner's plea of guilty, is so tangential to Petitioner's claim that Garza committed perjury at his own suppression hearing as to compel the conclusion that this new information provides virtually no new factual support for Petitioner's claim. Sergeant Garza's conviction is not the kind of information that, were the Court to proceed to the merits, would have pushed Petitioner's § 2255 motion from one that was merely speculative to one pled with sufficient factual support. Thus, the Court need not resolve here the tension identified in Jefferson.

but it is not a piece of information without which the Petitioner could not have pled his claim. See Jefferson, 730 F.3d at 547. If Sergeant Garza lied at the suppression hearing about the events surrounding the traffic stop, Petitioner would have been aware of the perjury as soon as he heard it. Petitioner himself was present throughout the traffic stop where three Jacksonville Sheriff's Office patrolmen, including Sergeant Garza, stopped and searched his vehicle. Petitioner himself observed Sergeant Garza's testimony. Thus, if Sergeant Garza's testimony was inconsistent with the events of the traffic stop, as Petitioner alleges, he would have known this at the suppression hearing. Petitioner would not suddenly realize that Sergeant Garza committed perjury in his suppression hearing only upon learning that Garza had been convicted in an unrelated case for falsifying official records. Accordingly, Garza's conviction does not qualify as such a newly discovered factual basis for the claims presented as would allow Petitioner to file his § 2255 motion one year from the date Petitioner learned of the conviction.[3] Douglas, 2013 WL 3157779 at *3.

To the extent that petitioner's contention that the "B.O.P. does not give any access to state criminal case law so [he] could not have discovered the evidence sooner[,]" (Doc. 1 at 12), suggests he believes he is entitled to equitable tolling, the claim fails. To warrant the application of equitable tolling, a petitioner must show both that extraordinary circumstances prevented him from timely filing his motion and that he exercised reasonable diligence. Holland v. Florida, 560 U.S. 631, 649 (2010). Petitioner not only fails to explain why he did not file his motion prior to the expiration of the AEDPA limitations period, as

---

[3] The Court also notes that Petitioner acknowledges he learned of Garza's conviction in June, 2011, nearly five months before the November 15, 2011 deadline for filing a motion to vacate under 28 U.S.C. § 2255(f)(1), yet he still failed to file one by then.

7

discussed supra, thereby preventing this Court from finding that he exercised reasonable diligence, but courts have also repeatedly held that the circumstances of confinement do not warrant the application of equitable tolling. See, e.g., Sutton v. United States, 2009 WL 890286, at *2 (M.D.Fla. Mar. 31, 2009)("Even assuming his claim is true that he did not have access to legal materials until five months after his incarceration commenced, such a circumstance would not support equitable tolling."); Maxey v. Sec'y, Fla. Dep't of Corr., 2012 WL 3000208, at *3 (N.D.Fla. June 22, 2012)(finding petitioner's claim that he was incarcerated at several different facilities and did not have adequate access to the law libraries "is not a valid cause for failing to file the [§ 2255] Petition within AEDPA's one year statute of limitations period as 'neither an alleged inadequate prison law library, nor limited access to the library establishes extraordinary circumstances warranting an equitable tolling of the limitation period.'" (quoting Knight v. Sec'y, Dep't of Corr., 2011 WL 3349042, at *4 (M.D.Fla. Aug. 3, 2011))); United States v. Larry, 2010 WL 5651470, at *4 (N.D.Fla. Dec. 17, 2010)("Defendant also asserts that he is entitled to equitable tolling of the limitations period. As the Court has previously noted, Defendant's prisoner status and the realities of incarceration are not extraordinary circumstances sufficient for the application of equitable tolling."); Williams v. United States, 2011 WL 1878124, at *3 (S.D.Fla. Apr. 25, 2011)(same).

**III. Conclusion**

The "fact" in this case is not "newly discovered" such that it restarted the one-year AEDPA limitations period under § 2255(f)(4), and petitioner fails to explain why he did not file his § 2255 motion prior to November 15, 2011 when it would have been timely despite learning of the conviction in June 2011.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED AS UNTIMELY**.[*]

2. The Clerk is directed to close the file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not

---

[*] Though the Court must dismiss the Motion as untimely, the Court determines it to be meritless in any event.

entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of August, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ab. & lc 19

Copies:

Counsel of Record

pro se party